UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-------------------------------------------------------------X   Civil Docket No.:
LAETITIA BURNS,

                              Plaintiff,   **COMPLAINT**

   -against-

STARBURN INDUSTRIES; JOSEPH RUSSO; DINO   *Jury Trial Demanded*
STAMATOPOULOS; and any related individuals and/or
entities,

                             Defendants.
-------------------------------------------------------------X

Plaintiff Laetitia Burns ("Plaintiff"), by and through her counsel, Bell Law Group PLLC, as and for her Complaint in this action against Defendants Starburn Industries, Joseph Russo, Dino Stamatopoulos, and/or any related individuals and/or entities, hereby alleges as follows:

## NATURE OF THE CLAIMS

1.  Plaintiff brings this action to recover for (1) unlawful discrimination on the basis of gender in violation of the California Fair Housing and Employment Act ("FEHA"); (2) violations of the Equal Pay Act ("EPA"); (3) violations of the Fair Labor Standards Act ("FLSA"); and (4) violations of the California Labor Code, specifically failure to pay her all wages, including overtime wages, to which she was entitled and failure to provide her with accurate wage statements that included all of the hours she worked.

## JURISDICTION AND VENUE

2.  Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiff's rights under the federal Fair Labor Standards Act and Equal Pay Act. Pursuant to 28

U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the California FEHA and the California Labor Code.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

4. Plaintiff's claims are properly consolidated as a single action because her claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PROCEDURAL REQUIREMENTS

5. Plaintiff duly exhausted her administrative exhaustion requirements by timely filing a charge of discrimination with the California Department of Fair Employment and Housing.

6. Plaintiff received a right to sue letter from the DFEH dated November 12, 2020.

7. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8. Plaintiff Laeticia Burns is a resident of the State of California, Los Angeles County.

9. At all relevant times, Defendant Starburn Industries is a California corporation.

10. At all relevant times, Defendant Starburn Industries maintains a principal place of business at 1700 W Burbank Blvd., Burbank, CA 91506.

11. Defendant Joseph Russo was an owner, manager and/or principal of Starburn Industries during Plaintiff's employment, and exercised sufficient control over Plaintiff to be considered her employer for purposes of the relevant state and federal statutes.

12. Defendant Dino Stamatopoulos was an owner, manager and/or principal of Starburn Industries during Plaintiff's employment, and exercised sufficient control over Plaintiff to be considered her employer for purposes of the relevant state and federal statutes.

13. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of all applicable statutes.

14. At all relevant times, Defendants were Plaintiff's "employer," individually and jointly, within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendants as a receptionist and executive assistant from approximately October 2016 through February 2020.

16. Throughout her tenure at Starburn, Plaintiff was subjected to severe and pervasive sexual harassment by her supervisors, Defendants Russo and Stamatopoulos.

17. For example, on or around December 2016, Ms. Burns brought a female guest to a company holiday party, and Mr. Russo asked her what her sexual orientation was. Ms. Burns responded "it's none of your business, but I'm straight." Mr. Russo said "it's cool, I've sucked cock."

18. Mr. Russo inquired about Ms. Burns' sexual orientation several other times during her employment.

19. In May 2017, Ms. Burns was subjected to harassing comments and unwelcome sexual advances by Mr. Stamatopoulos and Mr. Dick while recording an episode of Skulljuice, including an incident in which Mr. Stamatopoulos wiped his testicles on Ms. Burns' hat.

20. In August 2017, Mr. Russo swatted Ms. Burns on the buttocks with a rolled-up piece of paper while she was bending over.

21. Ms. Burns reported this incident and other incidents to the board of directors, who contracted an outside HR specialist named Anna Dergen to investigate. Incredibly, Ms. Dergan "blamed the victim" by accusing Ms. Burns of failing to set proper boundaries with Mr. Russo.

22. In or around June 2019, Mr. Stamatopoulos sent Ms. Burns an angry text saying "don't fuck with me," and said that they were no longer friends because she had threatened to "metoo" him.

23. In November 2019, Mr. Stamatopoulos told Ms. Burns to tell an intern that he (Mr Stamatpoulos) would make the intern a producer if the intern would sleep with him.

24. These are just a few of many incidents of sexual harassment to which Ms. Burns was subjected during her employment with Starburns. She was routinely subjected to insults such as "ugly, old, insane, stupid and incompetent."

25. In addition to the harassment, Ms. Burns was a victim of pay discrimination on the basis of sex. Her weekly salary was reduced from $1000 per week to $750 per week in August 2018.

26. In February 2020, Ms. Burns learned that her coworker Ross Clark, who was performing substantially the same work, made $900 per week, even though Ms. Burns had slightly more experience than Mr. Clark.

27. When Ms. Burns raised the issue with James Fino, the company refused to reinstate her $1000 per week salary and instead demoted her to "just receptionist".

28. Plaintiff regularly worked in excess of 40 hours per week and was not paid overtime at time-and-one-half her regular hourly rate for all hours worked over 40 per week, in violation of the FLSA.

29. Plaintiff regularly worked in excess of 40 hours per week and was not paid overtime at time-and-one-half her regular hourly rate for all hours worked over 40 per week or for all hours worked over 8 per day, in violation of the California Labor Code.

30. Plaintiff was not exempt from overtime under the FLSA or the California Labor Code.

### FIRST CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of the Fair Labor Standards Act)**

31. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

32. Throughout her employment, Plaintiff worked substantial overtime and was not paid her regular or overtime rate for those hours.

33. Plaintiff regularly worked in excess of forty hours per week, but was paid a flat salary regardless of how many hours she worked, and was not paid time-and-one-half her regular hourly rate for all hours worked in excess of 40 per week.

34. Plaintiff's job duties did not qualify her for any exemption to the FLSA overtime requirements.

35. Plaintiff's paystubs made it appear as though she was paid hourly and earned overtime, but her paystubs were the same every week regardless of the number of hours she actually worked. Plaintiff frequently worked additional hours for which she was not compensated at her regular or overtime rate, including but not limited to work performed after her regularly scheduled end time of 6 pm, in some cases as late as 10 pm, working through lunch, occasional weekend work, and performing active and on-call work from home, such as fielding texts and e-mails at odd hours and communicating with principals traveling to other countries in different time zones.

36. Plaintiff routinely worked more than the 50 hours per week reflected on her paystubs, with no extra compensation.

37. By failing to pay Plaintiff time-and-one-half for all hours worked over 40 per week, Defendants violated the FLSA and are liable to Plaintiff in an amount to be determined at trial, including but not limited to unpaid wages, liquidated damages, interest, attorneys' fees and costs, and any other relief available at law or in equity.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of California Labor Code §§ 510, 1194 and the IWC Wage Orders)**

38. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

39. Throughout her employment, Plaintiff worked substantial overtime and was not paid her regular or overtime rate for those hours.

40. Plaintiff regularly worked in excess of forty hours per week, but was paid a flat salary regardless of how many hours she worked, and was not paid time-and-one-half her regular hourly rate for all hours worked in excess of 40 per week.

41. Plaintiff's job duties did not qualify her for any exemption to the California Labor Code overtime requirements.

42. After her pay was cut in 2018, Plaintiff's weekly pay was too low for her to be exempt from overtime even if her job duties qualified her for an exemption.

43. Plaintiff's paystubs made it appear as though she was paid hourly and earned overtime, but her paystubs were the same every week regardless of the number of hours she actually worked. Plaintiff frequently worked additional hours for which she was not compensated at her regular or overtime rate, including but not limited to work performed after her regularly scheduled end time of 6 pm, in some cases as late as 10 pm, working through lunch, occasional

weekend work, and performing active and on-call work from home, such as fielding texts and e-mails at odd hours and communicating with principals traveling to other countries in different time zones.

44. Plaintiff routinely worked more than the 50 hours per week reflected on her paystubs, with no extra compensation.

45. Plaintiff regularly worked more than eight hours per day without being paid overtime for hours worked over eight per day as required by the California Labor Code.

46. By failing to pay Plaintiff time-and-one-half for all hours worked over 40 per week and all hours over eight per day, Defendants violated the California Labor Code and are liable to Plaintiff in an amount to be determined at trial, including but not limited to unpaid wages, liquidated damages, interest, attorneys' fees and costs, and any other relief available at law or in equity.

**THIRD CAUSE OF ACTION**
**(Failure to Furnish Accurate Wage Statements in Violation of California Labor Code § 226)**

47. California Labor Code § 226(a) requires employers to provide employees, semi-monthly or at the time of each payment of wages, with a statement that accurately reflects certain itemized information, including total number of hours worked. Defendants knowingly and intentionally failed to furnish and continue to fail to furnish Plaintiff timely and accurate wage statements that accurately reflected the total number of hours worked and wages earned, as required by Section 226.

48. As a result of Defendants' failure to provide accurate itemized wage statements, Plaintiff suffered actual damages and harm by being unable to determine the amount of overtime

worked each pay period in a timely manner, which prevented her from asserting her rights under California law.

49. As a result, Defendants are liable to Plaintiff for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

## FOURTH CAUSE OF ACTION
**(Discrimination in Violation of the Fair Employment and Housing Act)**

50. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

51. Defendants have discriminated against Plaintiff on the basis of sex by subjecting her to egregious sexual harassment as detailed above and by paying her less than a male counterpart with similar qualifications doing substantially the same work.

52. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the California Fair Employment and Housing Act, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

53. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the California Fair Employment and Housing Act, Plaintiff has suffered and continues to suffer monetary and/or economic harm, as well as mental anguish and emotional distress for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
**(Violations of the Federal Equal Pay Act)**

54. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

55. The differential in pay between Plaintiff on the one hand and similarly situated male employees, particularly Plaintiff's male coworker Ross Clark, on the other was and is not due to any bona fide seniority, merit or incentive system or any other factor other than sex, but was because of gender.

56. Defendants did not act in good faith and created and perpetuated gender-based wage discrimination in violation of the EPA.

57. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). The three-year statute of limitations applies to Defendants' EPA violations because Defendants' EPA violations were and are willful.

58. As a result of the Defendants' gender-based discriminatory policies and/or practices as described above, Plaintiff suffered damages including, but not limited to, lost past and future income, compensation and benefits.

59. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Equal Pay Act, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

### FIFTH CAUSE OF ACTION
(Violations of the California Equal Pay Act)

60. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

61. The differential in pay between Plaintiff on the one hand and similarly situated male employees, particularly Plaintiff's male coworker Ross Clark, who performed substantially similar work, on the other was and is not due to any bona fide seniority, merit or incentive system or any other factor other than sex, but was because of gender.

62. Defendants did not act in good faith and created and perpetuated gender-based wage discrimination in violation of the California EPA.

63. The foregoing conduct constitutes a willful violation of the California EPA. The three-year statute of limitations applies to Defendants' California EPA violations because Defendants' EPA violations were and are willful.

64. As a result of the Defendants' gender-based discriminatory policies and/or practices as described above, Plaintiff suffered damages including, but not limited to, lost past and future income, compensation and benefits.

65. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the California Equal Pay Act, Plaintiff has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Enjoin Defendants from engaging in further acts of illegal retaliation; and

C. Award Plaintiff all remedies available to her under federal and state law, including but not limited to the promotion for which she was passed over, compensatory damages, pre- and post-judgment interest, attorneys' fees and costs, injunctive and declaratory relief, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: November 12, 2021

Respectfully submitted,
BELL LAW GROUP, PLLC

By: */s/ Laura R. Reznick*
Laura R. Reznick, Esq.
California Bar Number 310665
*Attorneys for Plaintiff*
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, New York 11530
Tel: (516) 280-3008
Fax: (212) 656-1845
lr@belllg.com